Dear Mr. Love:
You have requested an official legal opinion of this office on the following question:
 "Does the administration of the Missouri Department of Transportation by the Missouri Transportation Commission necessarily include the exclusive power to appoint, promote, demote, suspend and dismiss all employees of the department?"
We assume you refer to the hiring, firing and other personnel action relating to departmental employees only (excluding the director) and not to employees of the separate agencies and authorities assigned to the department by § 14 of the Omnibus State Reorganization Act.
Article IV, § 32(a), Missouri Constitution, provides:
 "The department of transportation shall be administered by a transportation commission. The number, qualifications, compensation and terms of the members of the commission shall be fixed by law, and not more than one-half of its members shall be of the same political party. The selection and removal of all employees shall be without regard to political affiliation. The transportation commission shall have power and authority in regard to matters pertaining to modes and systems of transportation, including airports and rapid transit, as may be provided by law."
Section 14.1, Omnibus State Reorganization Act, Appendix B, RSMo, provides:
 "There is hereby created a department of transportation administered by a transportation commission of six members, not more than half of whom shall be members of the same political party, appointed by the governor by and with the advice and consent of the senate. The terms of the members and restrictions on selections shall be as provided for members of the state highway commission. The governor shall appoint a director of the department by and with the advice and consent of the senate, to be the chief administrative officer of the department and shall fix the level of his salary."
It is our view that if § 14.1 of the Omnibus State Reorganization Act was interpreted to put such an appointed director in charge of the Department of Transportation, it would come into conflict with the provisions of the Constitution, above-quoted, which vest the administrative charge of the Department of Transportation in a Transportation Commission. See our Opinion 161-1974, copy enclosed, in which we concluded that the Department of Mental Health, established pursuant to § 37(a) of ArticleIV of the Missouri Constitution, is under the control of the director of such department notwithstanding the provisions of the Omnibus State Reorganization Act, which purport to vest the control of such department in a State Mental Health Commission. It is our view, however, that such a constitutional conflict does not exist in the present situation.
That is, although various sections of the Omnibus State Reorganization Act purport to give the director of a department certain express powers which are basic to the administration of the department, it is our view that in the type of situation we have here, where the Commission is the constitutional head of the department, any exercise of powers by such a director is subordinate to the control and administration of the department vested in and to be exercised, or delegated in the proper instance, by the Commission.
It also seems clear in the situation presented that the provisions of § 14.1 of the Omnibus State Reorganization Act do not raise a constitutional conflict. The first part of such provisions clearly implement and recognize the constitutional provision placing the administration of the Department of Transportation in the Transportation Commission. The last provision of § 14.1, above, merely authorizes the governor to appoint a director of the department by and with the advice and consent of the senate "to be the chief administrative officer of the department" and to fix his salary. It is doubtful that the legislature by such provision authorizing the appointment of a director of the department intended to create a conflict with the first provision of the same section providing that the Department of Transportation is to be administered by the Transportation Commission. Clearly, such provisions of the same section enacted at the same time must be read together. Clearly also, if possible, a construction should not be given to such provisions which would create a conflict with the provisions of the Constitution. McIntosh v. Haynes,545 S.W.2d 647 (Mo. Banc 1977).
As we indicated, we are aware of the fact that the director of the department has been given express statutory authority in various areas throughout the Omnibus State Reorganization Act. We are of the view, however, that the Department of Transportation is to be administered by the Transportation Commission and that any of the powers purportedly granted to the director of such department by statute, are subject to abrogation by the Commission and can be exercised by the director subject to the control and the supervision of the Commission. Simply stated, this means that the Commission is the controlling body under the constitutional provision insofar as the administration of the Department of Transportation is concerned. The Commission has the authority to hire and fire such employees of the department. Thus, the Commission is the ultimate authority in that agency and the director must carry out all lawful and proper orders of the Commission relative to the administration of the department.
In writing this opinion we have given some consideration to the interpretation that the Omnibus State Reorganization Act in this instance provides for the appointment of a department director by the Governor to exercise administrative control of the department. Such an interpretation could create a constitutional conflict because the Constitution gives the Commission the administrative control of the department. However, we have not found it necessary in this opinion to conclude that such statutory provision is repugnant to the constitutional provision because, as we have stated, it is our view that such administrative control of the department by such a director must be exercised subject to the ultimate control of the Commission under the Constitution. It is clear, moreover, that any attempt by the director to usurp the authority which is placed in the Commission by the Constitution would be in direct conflict with the provisions of the Constitution.
CONCLUSION
It is the opinion of this office that the Director of the Department of Transportation is subject to the control of the Transportation Commission which, under the Missouri Constitution, is vested with the authority to administer the Department of Transportation. The Commission has the power to appoint, promote, demote, suspend and dismiss employees of the department.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure